UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

TNHYIF, INC.,

                              Plaintiff,

        -against-

VINEYARD COMMONS HOLDINGS, LLC, WORKERS'
COMPENSATION BOARD OF THE STATE OF NEW
YORK, NEW YORK STATE DEPARTMENT OF LABOR,
VINEYARD COMMONS CLUBHOUSE, INC.,
VINEYARD COMMONS APARTMENTS INC. and
"JOHN DOE NO. 1" through "JANE DOE NO. 12", the last
twelve names being fictitious and unknown to Plaintiff, the
persons or parties intended being tenants, occupants, persons
or corporations, if any, having or claiming an interest in or
lien upon the Premises, described in the Complaint,

                              Defendants.


----------------------------------------------------------X

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

NOV 2 3 2012

LAWRENCE K. BAERMAN, CLERK
ALBANY

Docket No.: 1: 12-cv-1692
Hon. Lawrence E. Kahn


**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO REMAND**


**CUDDY & FEDER LLP**
*Attorneys for Plaintiff*
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300

C&F: 2036609.5

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................... 1

STATEMENT OF FACTS .......................................................... 2

ARGUMENT .......................................................................... 2

POINT I:
REMOVAL OF THE INSTANT ACTION TO FEDERAL
COURT IS WHOLLY IMPROPER AND REMAND TO
STATE COURT IS WARRANTED ................................................. 2

  a.  There is No Complete Diversity in the Instant Action ..................... 3

  b.  Non-Party Movants Are Not Parties To The
     State Action And Therefore Lack Standing
     To Invoke This Court's Removal Jurisdiction ........................... 5

  c.  Non-Party Movants Notice Of Removal Was Filed
     Beyond The Thirty Day Statutory Limitation Set
     Forth In 28 U.S.C. § 1446(b) And Is Therefore Defective ............. 7

  d.  The United States Is Not A Party To The State Court
     Action And There Is No Federal Subject
     Matter Jurisdiction Pursuant to 28 U.S.C. § 1442 ...................... 9

  e.  The Lack of Consent By The Current Defendants Bars Removal ..... 10

POINT II:
NON-PARTY MOVANTS AND/OR COUNSEL FOR
NON-PARTY MOVANTS SHOULD BE SANCTIONED
FOR FILING A BASELESS REMOVAL PETITION .............................. 11

CONCLUSION ....................................................................... 12

## PRELIMINARY STATEMENT

Plaintiff,[1] TNHYIF, INC. ("Plaintiff"), respectfully submits this Memorandum of Law in support of its Motion to Remand the instant proceeding back to the Supreme Court of New York, County of Ulster, where the action was originally filed and where it belongs.  As set forth below, there is no basis for removal to Federal Court of this mortgage foreclosure action, and non-party movants, John O'Donnell, Maria Freitas and Spyros Panos' ("Non-Party Movants") removal attempt is utterly frivolous and lacks any valid basis in law or fact.

Indeed, the removal attempt is refuted by the fact that (a) there is no diversity jurisdiction, inasmuch as, for diversity jurisdiction purposes, Plaintiff is a citizen of New York State, as are the defendants and the Non-Party Movants themselves; (b) there is no federal question jurisdiction, as the action does not arise out of the Constitution, laws, or treaties of the United States; (c) the Non-Party Movants are not parties to the proceeding, have never intervened, and have no standing in this case to become parties if they ever formally attempted to intervene; (d) the Non-Party Movants' actual and admitted knowledge of the foreclosure proceeding as of October 5, 2012, renders untimely their Notice of Removal filed more than 30 days thereafter; (e) the conclusory allegation that there may, in the future, be unspecified third-party claims by the Non-Party Movants against the United States does not provide a basis for removal by the Non-Party Movants, and (f) the Non-Party Movants have not obtained the unanimous consent of the current defendants for removal, which is a statutory prerequisite to removal under 28 U.S.C. 1446(b)(2)(A).

Given the utter lack of merit to the removal by the Non-Party Movants, and the significant prejudice to Plaintiff caused by the delay of the State Court foreclosure proceeding as

---

[1] All defined terms herein carry the same meaning as set forth in the accompanying Affidavit of Desmond McGowan.

C&F: 2036609.5

a result, Plaintiff has brought on this Motion to Remand by Order to Show Cause, which seeks an expedited briefing schedule and return date, and interim relief to allow the State Court foreclosure proceeding to continue while Plaintiff's Motion to Remand is being decided by this Court. In the absence of such interim relief, Plaintiff, which is owed approximately $46,000,000, and has not been paid any of the monthly mortgage payments (in excess of $275,000/month) due under the subject Loan (as defined below) since June, 2011, will be unfairly prejudiced and delayed from continuing to prosecute the State Court mortgage foreclosure proceeding. As explained in the accompanying affidavits, no prejudice will result by allowing the State Court proceeding to continue during the pendency of this Motion.

## STATEMENT OF FACTS

The relevant facts in this matter are set forth in the Affidavits of Desmond McGowan and Joshua E. Kimerling, Esq., to which this Court is respectfully referred.

## ARGUMENT

## POINT I

### REMOVAL OF THE INSTANT ACTION TO FEDERAL COURT IS WHOLLY IMPROPER AND REMAND TO STATE COURT IS WARRANTED

It is well settled that removal of a state court action to federal court is generally disfavored and a party seeking removal bears the burden of showing compliance with the removal statutes. Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co., 592 F. Supp. 2d 522, 526 (S.D.N.Y. 2008) (holding "Because removal is generally disfavored, 'federal courts construe removal statutes narrowly, resolving any doubts against removal.'") (citations omitted)); Hamilton v. Bd. of Educ. of the Jordan-Elbridge Cent. Sch. Dist., 5:11-CV-00986 LEK, 2012 WL 2402884 (N.D.N.Y. June 25, 2012) (holding "When the removal of an action to federal court

C&F: 2036609 5

is contested, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" (citations omitted)).

It is clear based on Non-Party Movants' Notice of Removal that Non-Party Movants have utterly failed to satisfy their burden of proof that they must overcome for removal of this action. Non-Party Movants have failed to even allege, let alone establish by "competent proof", any proper basis for this foreclosure action to be removed to federal court.

### a.   There Is No Complete Diversity In The Instant Action

Removal of a state court action to federal court is proper under 28 U.S.C. 1441 only where there is diversity of citizenship between plaintiff and each defendant and where the amount in controversy exceeds the statutory limit of $75,000. 28 U.S.C. 1332; City of Syracuse v. Loomis Armored US, LLC, 5:11-CV-00744 MAD, 2012 WL 1900530 (N.D.N.Y. May 24, 2012) ("It is well settled that to invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship … In other words, the court lacks diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant." (citations omitted)).

It is further settled that "for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business." Id. (citing Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). The Supreme Court of the United States has held that the location of a corporation's principal place of business depends on the location of the corporation's "nerve center" from which "a corporation's officers direct, control, and coordinate

the corporation's activities." <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, it is unclear whether, in fact, the Non-Party Movants are basing their removal attempt upon a claim of diversity jurisdiction. In fact, in their Civil Cover Sheet, "diversity" is not checked off as a basis for removal. Yet, in the Notice of Removal itself, at paragraph 4 thereof, it appears that diversity is being alleged as a basis for removal. Regardless, as explained below, there is no diversity jurisdiction in this case.

Here, the fact that Plaintiff is incorporated in the State of Maryland does not, in and of itself, provide a proper basis for removal based upon diversity of citizenship, and Non-Party Movants' Notice of Removal wholly ignores the fact that Plaintiff's principal place of business is in New York, thereby defeating diversity jurisdiction. For purposes of measuring diversity, it is clear that Plaintiff is both a citizen of Maryland and New York, as Plaintiff conducts all of its corporate business out of its headquarters in New York. This is apparently admitted in the Civil Cover Sheet filed by the Non-Party Movants, who concede that both Plaintiff and defendant(s)/Non-Party Movants are incorporated or have their principal place of business in New York State.

Plaintiff maintains its headquarters and corporate offices at 44 South Broadway, 10th Floor, White Plains, New York 10601 (the "White Plains Office"). From these offices, Plaintiff transacts all business, including business associated with the instant mortgage foreclosure action. All of Plaintiff's corporate officers are located and work in White Plains, New York, where they each participate in maintaining and controlling Plaintiff's business activities. The White Plains Office is the only office maintained by Plaintiff and it is the sole "nerve center" of Plaintiff's existence. As such, while Plaintiff is incorporated in Maryland, for diversity purposes, it is also

C&F: 2036609 5

a citizen of New York, the state of its principal place of business, thereby undermining the removal attempt.

Based on the face of the complaint, complete diversity does not exist in this action as defendants Workers Compensation Board of the State of New York and New York State Department of Labor, among others, are clearly citizens of the State of New York. Furthermore, as detailed in the accompanying affidavit in support, defendants Vineyard Commons Holdings, LLC, Vineyard Commons Clubhouse, Inc., and Vineyard Commons Apartments, Inc. are entities organized and existing under the laws of the State of New York. Moreover, the Civil Cover Sheet confirms that the Non-Party Movants are New York citizens as well.

Therefore, removal of this action based on diversity of citizenship fails as a matter of law, and the Non-Party Movants' conclusory claim to the contrary is frivolous.[2]  Indeed, the fact that the Non-Party Movants simply ignore the undisputed fact that Plaintiff's principal place of business is in New York is astounding and warrants the imposition of sanctions as discussed below.

### b. Non-Party Movants Are Not Parties To The State Action And Therefore Lack Standing To Invoke This Court's Removal Jurisdiction

Non-Party Movants are not named parties to the state mortgage foreclosure action and would have absolutely no legal basis or standing to intervene in that action.  Their Notice of Removal does not even attempt to articulate any valid basis for their involvement in this action, and the conclusory allegation that they have an unspecified "interest in the above subject proceedings" is plainly inadequate. They have no right to have filed the removal application or to

---

[2] Additionally, Non-Party Movants' Notice of Removal is defeated by 28 U.S.C. 1441(a)(2), which clearly states that removal based on diversity of citizenship is not proper if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, removal is improper as a matter of law for the additional reason that all defendants are citizens of New York, and such action was brought in New York.

C&F: 2036609.5

appear in this action at all.  The fact that they may call themselves defendants does not give them that status.

Recognizing this fact, Non-Party Movants ridiculously seek to fall under the JOHN DOE defendants.  However, Non-Party Movants are not "JOHN DOES 1, 2 or 3" as they allege because the JOHN DOE defendants are placeholders for those individuals, such as tenants or lienors of the Mortgaged Premises, whose interests in the real property subject to the state foreclosure action are to be terminated as a result of foreclosure.  Accordingly, not only have the Non-Party Movants impermissibly filed their removal application without having sought to intervene, which in and of itself warrants denial of the removal, but even if they had sought to intervene first, they would have had no basis to do so.

A non-party to a lawsuit, such as each of the Non-Party Movants herein, does not have any right to invoke the removal jurisdiction of the federal courts under the removal statutes. 28 U.S.C. §§ 1441, 1446(a); Newman & Cahn, LLP. v. Sharp, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005) ("The statutes that provide authority to remove actions to federal court only allow for removal "by the defendant or defendants.") (citations omitted)); Geiger v. Arctco Enterprises, Inc., 910 F.Supp. 130, 131 (S.D.N.Y.1996) ("It is clear that the right of removal is vested exclusively in defendants."); Adams v. Adminastar Defense Services, Inc., 901 F.Supp. 78, 79 (D.Conn.1995) (only a defendant, who is by implication a party in state court, has standing to remove); Conway v. Delgado, No. 92-0905, 1992 WL 189428, *2 (D.D.C. July 21, 1992) (only defendants have standing to remove); Macaluso v. Mondadori Publishing Co., 527 F.Supp. 1017, 1018-19 (E.D.N.Y.1981) (remanding a case where neither of the named defendants joined in the petition for removal); Kane v. Republica De Cuba, 211 F.Supp. 855, 856-58 (D.P.R.1962) (a nonparty who has not formally intervened may not remove a case from state court); see also

6

Housing Auth. of Atlanta v. Millwood, 472 F.2d 268, 272 (5th Cir.1973) (where an entity has not been properly served in state court, it is not a party and removal jurisdiction cannot be premised on its presence in the action).

The foregoing case law establishes that Non-Party Movants, non-parties to the State Court action, have no right, standing or authority to invoke the removal jurisdiction of the federal court, and therefore remand is proper.

c. **Non-Party Movants Notice Of Removal Was Filed Beyond The Thirty Day Statutory Limitation Set Forth In 28 U.S.C. § 1446(b) And Is Therefore Defective**

The Non-Party Movants' Notice of Removal is defective for an additional fundamental reason. In short, it is untimely.

Under 28 U.S.C. § 1446(b), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." See Hallenbeck v. Transgas, Inc., 53 F. Supp. 2d 543, 544 (N.D.N.Y. 1999). Case law is clear that "receipt" under 28 U.S.C. § 1446(b) does not require formal compliance with state service of process rules, but rather receipt may be constructive in order for the thirty day removal period to accrue. Cohen v. Reed, 868 F. Supp. 489, 496 (E.D.N.Y. 1994) (citing Trepel v. Kohn, Milstein, Cohen & Hausfeld, 789 F. Supp. 881, 883 (E.D. Mich. 1992) ("Courts employing the Receipt Rule, have held that the 'key to the time for removal [is the date of] actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim.' (citations omitted))).

In an attempt to argue timeliness, the Non-Party Movants claim that they became aware of this action "on or about October 22, 2012." Non- Party Movants Notice of Motion at ¶ 6. This

C&F: 2036609.5

claim is unabashedly false. In fact, as explained in the Kimerling Affidavit submitted herewith, on October 5, 2012, Cal Stuart ("Mr. Stuart"), on behalf of Ebanks and Sattler, LLP, counsel of record for the Non-Party Movants, left a voicemail for Plaintiff's counsel stating that, as of that date, October 5, 2012, Ebanks and Sattler represents John O' Donnell (a Non-Party Movant) in the "T-N-H-Y-I-F- Inc. against Vineyard Commons" mortgage foreclosure action.

Mr. Stuart explicitly stated that the purpose of the call was to "Speak to [Cuddy & Feder] about [his] client's need [for] an extension of time to answer; they were never served with any paperwork."[3] It is clear based on the phone call made by Mr. Stuart on behalf of Ebanks and Sattler, that counsel for the Non-Party Movants, as well as Non-Party Movant O'Donnell, had actual notice of the State Court proceedings no later than October 5, 2012 and certainly constructive notice (if not actual) of the pleadings and claims therein. Indeed, the Non-Party Movants were asking for an adjournment of the time to file an Answer (which of course, they had no right to do given the fact that they have no standing to assert any claims in this action). This actual and constructive notice by the Non-Party Movants as of October 5, 2012 renders untimely their Notice of Removal filed more than thirty days thereafter.

Furthermore, Non-Party Movants claim to be partners of Vineyard Commons Holdings, LLC, which was served with an Amended Verified Complaint via the New York State Secretary of State on October 5, 2012. It is clear that the Non-Party Movants are bound by such service and were on constructive notice of the pending state mortgage foreclosure action based upon the confirmed receipt by Vineyard Commons Holdings, LLC of Plaintiff's amended complaint.

Though Non-Party Movants claim otherwise, the failure of Non-Party Movants to bring their Notice of Removal within the thirty day time period constitutes a defect that requires the instant action be remanded to state court. Bertrand v. Vingan, 899 F. Supp. 1198, 1199

---

[3] They were never served because they are not proper parties to the action.

C&F: 2036609.5

(S.D.N.Y. 1995) (remanding action to state court after defendant failed to comply with 30-day statutory time frame in which to remove); Brooklyn Hosp. Ctr. v. Diversified Info. Technologies, Inc., 133 F. Supp. 2d 197, 203 (E.D.N.Y. 2001) (finding defendant's petition for removal untimely where filed after third day period).

### d. The United States Is Not A Party To The State Court Action And There Is No Federal Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1442(a)

Non-Party Movants speculate at paragraph 4 of their Notice of Removal that removal is proper in the instant action because "the United States may be a potential party in this action pursuant to 28 U.S.C. § 1442 (a)." However, Non-Party Movants' mere speculation that the United States may be a party, particularly because Non-Party Movants themselves are not proper parties, does not entitle Non-Party Movants to seek removal, or in and of itself create federal question jurisdiction. Even if the United States were somehow able to be brought into this action as a third party defendant, which they are not, Non-Party Movants would not have any authority to *themselves* seek removal, and the mere fact that the United States may be a party does not create federal question jurisdiction.[4]  There is simply no basis at all to support the claim that there is federal question jurisdiction in this foreclosure action.

Whether removal jurisdiction is proper must be "determined by the pleadings at the time of removal." Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006); see Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939) (holding that the pleadings at the time of the petition for removal must form the basis for determining the propriety of removal); In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 399 F.Supp.2d 356, 363 (S.D.N.Y.2005) ("A court must thus consider the complaint at the time of removal to determine if removal was appropriate in the first place.... There is a 'judicial reluctance to make

---

[4] The Civil Cover Sheet filed by the Non-Party Movants checked off "federal question" jurisdiction, despite the fact that there clearly is no federal question raised in the case.

C&F: 2036609.5

jurisdiction hinge on fortuities or *ex parte* tactical moves.' ") (quoting <u>Murphy v. Kodz</u>, 351 F.2d 163, 167 (9th Cir.1965)); <u>In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.</u>, 256 F.Supp.2d 884, 889 n. 5 (S.D.Ind.2003) ("[R]emoval must be determined on the basis of the plaintiffs' pleadings at the time of removal, without regard to subsequent development.").

As of the date of Non-Party Movants' Notice of Removal, the United States was not a party to this action, nor are they currently a party, and even if they were somehow brought into the case, that would not, in and of itself, give rise to federal question jurisdiction. The law is clear that removal cannot be based upon the mere allegation that the United States may become a party at some subsequent juncture. Furthermore, the decision of whether to remove a state action to federal court pursuant to 28 U.S.C. § 1442 (a) resides with the federal officer or agency brought into the lawsuit, and not some other named party to the action. 28 U.S.C. § 1442 (a) ("A civil action … that is commenced in a State court and that is against or directed to any of the following may be removed **by them** to the district court of the United States for the district and division embracing the place wherein it is pending…"). Non-Party Movants' attempt at removal based upon 28 U.S.C. § 1442 is clearly improper as a matter of law.

### e.  The Lack of Consent By The Current Defendants Bars Removal

The Non-Party Movants have not obtained the unanimous consent of the current defendants for removal.  As such, the Notice of Removal contravenes the statutory prerequisite to removal under 28 U.S.C. 1446(b)(2)(A).  For this additional reason, it is respectfully submitted that the case should be remanded back to the State Court.

## POINT II

### NON-PARTY MOVANTS AND/OR COUNSEL FOR NON-PARTY MOVANTS SHOULD BE SANCTIONED FOR FILING A BASELESS REMOVAL PETITION

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Furthermore, as indicated by the Second Circuit Court of Appeals,

> No longer is it enough for an attorney to claim that he acted in good faith, or that he personally was unaware of the groundless nature of an argument or claim ... [t]he language of ... Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.

Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988).

The Notice of Removal filed by Non-Party Movants is baseless, devoid of any merit, and was filed solely for the purpose of delaying the pending state court action. Non-Party Movants' attempt to remove this matter was done without any reasonable inquiry as to the applicable law or facts. As such, sanctions against Non-Party Movants and their counsel is wholly proper under these circumstances. Four Keys Leasing & Maint. Corp., 849 F. 2d at 774 (upholding sanctions against defendant's attorney for filing a frivolous removal petition where there was no basis for diversity); Sun Ref. & Mktg. Co., Inc. v. D'Arpino, 112 F.R.D. 668, 671 (S.D.N.Y. 1986) (Sanctioning attorney where a removal petition was made "in utter disregard of the plain language" of statute and case law); Wurdeman v. Miller, 633 F. Supp. 20, 22 (S.D.N.Y. 1986) (Rule 11 sanctions are appropriate where "the petition for removal was filed without reasonable

C&F: 2036609.5

inquiry as to whether it was well grounded in fact or in law."); Widawski v. United Beef Packers, Inc., 9 Fed. R. Serv. 3d 393 (S.D.N.Y. 1987) (holding that bad-faith was not necessary for imposition of sanctions against attorney, where attorney was grossly negligent in filing a petition for removal).

As a result of the Non-Party Movants' frivolous conduct, it is respectfully submitted that Plaintiff should be awarded attorneys' fees, costs, and disbursements incurred as a result of the instant motion. Furthermore, pursuant to 28 U.S.C. § 1447 (c), Plaintiff is entitled to all costs, expenses and attorneys' fees incurred as a result of removal.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Plaintiff's motion be granted in its entirety and that the proceedings be remanded back to the Supreme Court of New York, County of Ulster, together with such other, further and different relief that the Court deems just and proper.

Dated:  White Plains, New York
       November 28, 2012

              **CUDDY & FEDER LLP**

By: _____
          Joshua E. Kimerling
          *Attorneys for Plaintiff*
          445 Hamilton Avenue, 14th Floor
          White Plains, New York  10601
          Tel.(914) 761-1300
          Fax (914) 761-5372
          JKimerling@Cuddyfeder.com
          Northern District Bar No.:(Pending Admission)

2012 WL 2402884
Only the Westlaw citation
is currently available.
United States District Court,
N.D. New York.

William E. HAMILTON; David
Zehner; and Anthony Scro, Plaintiffs,
v.
The BOARD OF EDUCATION OF
THE JORDAN–ELBRIDGE CENTRAL
SCHOOL DISTRICT; Paula VanMinos;
and Lawrence J. Zacher, Defendants.

No. 5:11–CV–00986 (LEK/
ATB).   |   June 25, 2012.

## Attorneys and Law Firms

Dennis G. O'Hara, O'Hara, O'Connell Law
Firm, Fayetteville, NY, for Plaintiffs.

John A. Sickinger, Office of Frank W. Miller,
D. Jeffrey Gosch, Office of D. Jeffrey Gosch,
East Syracuse, NY, Harris Lindenfeld, Office
of Harris Lindenfeld, Cazenovia, NY, for
Defendants.

## Opinion

### MEMORANDUM–DECISION and ORDER

LAWRENCE E. KAHN, District Judge.

## I. INTRODUCTION

*1 Plaintiffs commenced this action on May
17, 2011 by filing a Complaint in the New York
State Supreme Court in Onondaga County. Dkt.
No. 1–2 ("Petition"). This action was removed
to federal court in the Northern District of New

York on August 18, 2011, pursuant to a Notice
of Removal filed by Defendant The Board
of Education of the Jordan–Elbridge Central
School District ("District" or "the District").
Dkt. No. 1 ("Notice of Removal"). Presently
before the Court are a Motion to remand
filed on September 19, 2011 by Defendant
Paula VanMinos ("VanMinos"), a Motion
to remand filed on September 19, 2011 by
Plaintiffs William E. Hamilton, David Zehner,
and Anthony Scro (collectively, "Plaintiffs"),
and a Motion to remand filed on October 5,
2011 by Defendant Lawrence J. Zachner. Dkt
Nos. 4 ("Motion to Remand"), 5 ("First Motion
to Remand to State Court by Plaintiffs"),
10 ("Motion to Remand"). The District also
filed a Memorandum of law in opposition to
the Motions for remand on October 4, 2011.
Dkt. No. 8 ("Memorandum of Law"). For the
reasons stated below, the Motions to remand
are granted.

## II. BACKGROUND

The initial action in this case is a
combined Article 78 and Declaratory Judgment
proceeding commenced by Plaintiffs on May
17, 2011. Petition ¶ 2. The action stems from a
Board resolution approving a new employment
agreement for VanMinos on February 2, 2011.
*Id.* ¶ 9. Generally, Plaintiffs allege, *inter
alia,* that this employment agreement was
negotiated in secret and not in good faith
and that it contained provisions, enhancements,
and benefits that violated public policy and
constituted an unconstitutional use of public
funds. *Id.* ¶¶ 18, 20, 32, 33, 40, 43. Plaintiffs
further allege violations of the New York
Public Officers Law including—but not limited
to—failure to publicly provide statutorily
required documents related to the resolution

and agreement; delays in or failure to respond to FOIL requests; and concealment of terms and conditions of the new agreement. *Id.* ¶¶ 15, 44, 45, 48, 49, 50.

Plaintiffs seek an order declaring that the employment agreement is null and void because it was approved in violation of Article 7 of the New York Public Officers Law and in violation of public policy regarding the appointment of certified employees to tenure pursuant to Education Law § 3012. *Id.* ¶ 15. Plaintiffs seek further, as provided by the Public Officers Law, orders that the District cease and desist from using four allegedly systemic practices in violation of New York's FOIL law ("FOIL"), produce documents previously requested pursuant to FOIL, and pay Plaintiffs' costs and attorney's fees incurred in prosecuting the proceeding. *Id.* ¶ 15.

On July 27, 2011, Defendant VanMinos filed her verified Answer, Cross Claims and Counter Claims. Dkt. No. 1–7. Cross claims asserted against the District include allegations of violations of the state whistle blower laws, the Consolidated Omnibus Budget Reconciliation Act, 42 U.S.C. § 1983, and the Public Officers Law, as well as detrimental reliance and breach of contract. *Id.* ¶¶ 133–34, 137–39, 143–46, 148–55, 158–63, 164–67.[1]

**\*2** Because VanMinos's cross claims included allegations that raised federal questions under 42 U.S.C. § 1983 and 29 U.S.C. § 1161, the District filed a Notice of removal on August 18, 2011 pursuant to 28 U.S.C. §§ 1441, 1446. Notice of Removal. Soon thereafter, Plaintiffs,

VanMinos and Zachner filed the Motions to remand that are presently before the Court.

## III. DISCUSSION

Removal of state actions to federal district court where the federal court has original jurisdiction of the claim is governed by 28 U.S.C. § 1441. When this action was commenced on May 17, 2011 in New York State Supreme Court in Onondaga County, New York, § 1441 provided that:

> (a) Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441 (2006), amended by Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, 125 Stat 758 (2011).[2]

"When the removal of an action to federal court is contested, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.' " *Fed.*

WestlawNext © 2012 Thomson Reuters. No claim to original U.S. Government Works.

*Ins. Co. v. Tyco Int'l Ltd.,* 422 F.Supp.2d 357, 368 (S.D.N.Y.2006) (citations omitted). A case should be remanded to state court if—at any time before final judgment—it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In opposition to the Motions to remand, the District argues that removal is proper under 28 U.S.C. §§ 1441 and 1446 because VanMinos's cross claims allege violations of 42 U.S.C. § 1983 and 29 U.S.C. § 1161, both of which are federal statutes arising under the laws of the United States. Mem. of Law at 4. The District posits that "any action based on 42 U.S.C.1983 is removable to federal district court." *Id.* Further, the Motions to remand and the District's Memorandum all discuss the nature of the District as a defendant, whether as an original or third-party defendant, to argue whether the District was a proper party to remove under the statute.

The proper focus of the Court's analysis, however, must also be on the nature of the claims in the underlying action. The initial claims filed by Plaintiffs are state law claims, involving the New York State Education Law and Public Officers Law. Compl. There is no federal question involved as neither federal law "creates the cause of action" nor does "the plaintiff's right to relief necessarily depend on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 438 U.S. 1, 27–28, 98 S.Ct. 2588, 57 L.Ed.2d 553 (1983). No diversity of citizenship between the parties was established. Thus, Plaintiffs' claims do not invoke federal question or federal diversity jurisdiction and there was

no initial basis for removal which would be proper. However, upon VanMinos's filing of her Answer and cross claims against the District, two federal statutes, as discussed, were implicated. *See* Dkt. No. 1–7. It is upon these cross claims that the District's Notice of Removal is based.

**\*3** "Federal courts are courts of limited jurisdiction" and thus the removal statutes should be strictly construed. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). While the statutory interpretation of and case law governing removal statutes is well-settled, any doubts should be "resolv[ed] ... against removability." *Gehm v. N.Y. Life Ins. Co.,* 992 F.Supp. 209, 210 (E.D.N.Y.1998); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

In regards to cross-claims, the clear majority view is that "to the extent that [the removing party] seeks to allege federal jurisdiction through the use of ... cross-claims, such claims may not serve as the basis of this Court's removal jurisdiction." *MTI Residential Services v. Alston,* No. 07–CV–2002, 2007 WL 1695161, at \*3 (E.D.N.Y. May 31, 2007); *see also Palisades Collections LLC v. Shorts,* 552 F.3d 327, 336 (4th Cir.2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 2826, 174 L.Ed.2d 553 (2009) (citations omitted) (removal pursuant to § 1441 "refer[s] to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims" and not to "counter-defendants, cross-claim defendants, and third party defendants"); *First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 465 (6th

Cir.2002) (removal based on § 1441(c) allows removal only where the original plaintiff joins a federal claim with the original state court action); *Arrow Fin. Services, LLC v. Massil*, No. 08–CV–437, 2009 WL 348553, at *2 (E.D.N.Y. Feb.11, 2009) (quoting *California ex rel. Lungren v. Keating*, 986 F.2d 346, 348 ("case [can] not be 'transformed into an action arising under federal law' and rendered eligible for removal "by action of a defendant"); *Fed. Ins. Co.*, 422 F.Supp.2d at 373 (S.D.N.Y.2006) (the reference to "the defendant or the defendants" in § 1441 refers to a "distinct" party in the original action against whom the plaintiff asserted claims, not to the parties as established by subsequent pleadings); *Wallace v. Wiedenbeck*, 985 F.Supp. 288, 291 (N.D.N.Y.1998) (noting that defenses and counterclaims involving federal law do not establish federal question jurisdiction); § 3722 Removal Based on Federal Question Jurisdiction, 14B Fed. Prac. & Proc. Juris. § 3722 (4th ed.) ("[c]ounterclaims, cross-claims, and third-party claims cannot be the basis for removal under § 1441").

The District is a defendant in the original action brought by Plaintiffs, but is a cross-claim defendant in the action brought by VanMinos. There is no claim in Plaintiffs' original action over which "the district courts of the United States have original jurisdiction" and that "may be removed by the defendant" because the only claims asserted are state law claims that do not require interpretation of federal law to resolve. 28 U.S.C. § 1441(a). The claims for which the district courts would have original jurisdiction are found only in VanMinos's cross-claim. As a cross-claim defendant, the District does not have the right of removal under the majority interpretation. The District has thus failed to meet its burden to show the propriety of removal.[3]

**\*4** As cross claims do not provide a proper basis for removal, the Court lacks subject matter jurisdiction over this case and remand to the New York State Supreme Court in Onondaga County is proper.[4]

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that VanMinos's Motion for remand, Plaintiff's Motion for remand and Zachner's Motion (Dkt Nos. 4, 5, 10) for remand are **GRANTED without costs;** and it is further

**ORDERED,** that the Clerk shall serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

Footnotes

1    VanMinos's cross claims allege a due process violation of 18 U.S.C. § 1983 and a COBRA violation under 26 U.S.C. § 1611—statutes which do not exist. All parties agree that the allegations were meant to be for violations of 42 U.S.C. § 1983 and 29 U.S.C. § 1161, respectively. The Court will likewise recognize those claims as alleged violations of 42 U.S.C. § 1983 and 29 U.S.C. § 1161.

2    The changes to 28 U.S.C. § 1441 made by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 apply to those actions or prosecutions commenced on or after the expiration of the 30 day period beginning on December 7, 2011. The Act provides that actions commenced in state court and removed to federal court shall be deemed to have commenced on the date the action or

prosecution was commenced, within the meaning of the state law, in state court. Pub.L. No. 112–63, § 105, 125 Stat 758 (2011). Plaintiffs commenced this action in New York State Supreme Court in Onondaga County, New York on May 17, 2011. Dkt. No. 1-- 2; N.Y. C.P.L.R. § 304(a). Therefore, this proceeding is deemed to have commenced before the amendments to 28 U.S.C. § 1441 were in effect. As a result, the prior version of the statute is applicable in this case.

3    Plaintiffs, Van Minos, and the District all note an apparent exception in the Northern District of New York that allows for removal by third-party defendants in limited circumstances when the claim upon which removal is based is "separate and independent" from the non-removable claims. 28 U.S.C. § 1441(c); *Mignogna v. Sair Aviation, Inc.,* 679 F.Supp. 184 (N.D.N.Y.1988). Each party seems to conclude that the exception exists, but they disagree as to whether or not the claims are indeed separate and independent from the underlying action. Notwithstanding that the apparent exception is neither binding on the Court nor consistent with the practices in the majority of jurisdictions, it is also not applicable to this case. As established, the District and VanMinos are defendants in the initial action. Federal Rule of Civil Procedure 13(g) provides that "a pleading may state as a cross claim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action ...." FED. R. CIV. P. 13(g). In contrast, under Federal Rule of Civil Procedure 14, when a defending party serves a summons on a *non-party,* "the person served with the summons and third party complaint" is the "third party defendant." FED. R. CIV. P. 14(a)(1)(2). Thus, the District is a "coparty" not a "third party defendant." Therefore, the exception relied upon by the parties that applies to third-party defendants is not applicable to the District.

4    The District argues that VanMinos's COBRA claim is subject to federal preemption as an amendment to ERISA, thus providing a basis for removal to federal court. Assuming *arguendo* that VanMinos is a beneficiary and that her COBRA claim does arise under ERISA, ERISA provides that "except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by a ... beneficiary.... State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraph (1)(B) and (7) of subsection (a) of this section." 29 U.S.C. § 1132(e). Subsection (a)(1)(B) of ERISA provides that "a civil action may be brought by (1) a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). In her cross claim, VanMinos seeks as damages for the District's alleged violation of COBRA "an order enjoining the District from cancelling health insurance for her, her husband, and children without at least an opportunity to purchase it herself." Dkt. No. 1–7 ¶ 139. Thus, it appears that the relief VanMinos seeks falls squarely into § 1132(a)(1)(B) to recover or enforce her rights due under the plan. As plainly stated in the statute, state courts have concurrent jurisdiction of a claim arising under § 1132(a)(1)(B), and therefore the Court does not have exclusive jurisdiction.

End of Document    © 2012 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 1900530
Only the Westlaw citation
is currently available.
United States District Court,
N.D. New York.

CITY OF SYRACUSE, Plaintiff,
v.
LOOMIS ARMORED US, LLC;
Michael Bucci; Ronald Mancuso;
and Sean McGuigan, Defendants.

No. 5:11–cv–00744 (MAD/
GHL). | May 24, 2012.

**Attorneys and Law Firms**

City of Syracuse, Office of Corporation
Counsel, James P. McGinty, Esq., Shannon T.
O'Connor, Esq., of Counsel, Syracuse, NY, for
Plaintiff.

Haynes & Boone, LLP, Jonathan D. Pressment,
Esq., of Counsel, New York, NY, for
Defendant Loomis Armored US, LLC.

Trevett, Cristo, Salzer & Andolina, P.C., David
H. Ealy, Esq., of Counsel, Rochester, NY, for
Defendant Michael Bucci.

Office of A. Sheldon Gould, A. Sheldon Gould,
Esq., of Counsel, Syracuse,NY, for Defendant
Sean McGuigan.

**Opinion**

## MEMORANDUM–
## DECISION AND ORDER

MAE A. D'AGOSTINO, District Judge.

## I. BACKGROUND

**\*1** On June 8, 2011, Plaintiff filed a
complaint in New York State Supreme Court,
Onondaga County, alleging causes of action for
breach of contract and negligence. On July 1,
2011, Defendant Loomis Armored US, LLC
("Loomis") removed the action to this Court
pursuant to 28 U.S.C. § 1446, asserting that
the Court possesses jurisdiction over the matter
pursuant to 28 U.S.C. § 1332(a) by virtue of the
fact that complete diversity exists between the
parties and the amount in controversy exceeds
$75,000.

On July 8, 2011, Defendant Loomis filed a
motion to dismiss the complaint pursuant to
Rule 12(b)(6) of the Federal Rules of Civil
Procedure, arguing that the complaint is time
barred and that it fails to state any *prima
facie* claims for relief. Thereafter, on July 21,
2011, Plaintiff filed a motion to remand the
action back to state court. *See* Dkt. No. 5. In
a December 15, 2011 Memorandum–Decision
and Order, the Court denied Plaintiff's motion
to remand. *See* Dkt. No. 16.

In a letter dated January 4, 2012, Plaintiff
informed the Court that it did not intend to
oppose Defendant Loomis' motion to dismiss.
*See* Dkt. No. 17. On January 11, 2012, the Court
granted Defendant Loomis' motion to dismiss,
but granted Plaintiff an opportunity to amend
its complaint. *See* Dkt. No. 19. On January
31, 2012, Plaintiff filed its amended complaint.
*See* Dkt. No. 22. The amended complaint
includes five causes against Defendant Loomis,
as well as claims against three new Defendants

(Michael Bucci, Sean McGuigan, and Ronald Mancuso). [1] *See id.*

Currently before the Court are Defendant Loomis' and Defendant Bucci's motions to dismiss. *See* Dkt. Nos. 31, 35.

## II. DISCUSSION

A defendant may remove to federal court " 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.' " *Shapiro v. Logistec USA Inc.,* 412 F.3d 307, 309–10 (2d Cir.2005) (quoting 28 U.S.C. § 1441(a)). However, once a case has been removed, it must be remanded " '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.' " *Id.* at 310 (quoting 28 U.S.C. § 1447(c)). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.,* 368 F.3d 86, 100 (2d Cir.2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* 488 F.3d 112, 124 (2d Cir.2007) (citation omitted).

Defendant Loomis based its removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is well settled that to invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89

(2005). In other words, the court lacks diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 80 (2d Cir.2005). For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. *See Universal Licensing Corp. v. Paola del Lungo S.p.A.,* 293 F.3d 579, 581 (2d Cir.2002) (citing 28 U.S.C. § 1332(c)(1)).

*2 Although not addressed by the parties, it is abundantly clear from the face of the amended complaint that this Court lacks subject matter jurisdiction over this action as it is presently constituted. In the amended complaint, Plaintiff not only clarified its claims against Defendant Loomis, but also added three additional Defendants, all of whom are New York residents. As such, complete diversity no longer exists.

Therefore, the only viable question at this point in the proceedings is whether to dismiss the action pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure, remand the case to the state court pursuant to 28 U.S.C. § 1447(e), vacate the Court's previous order permitting amendment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, or dismiss the non-diverse parties pursuant to Rule 21 of the Federal Rules of Civil Procedure. *See Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co.,* 576 F.Supp.2d 421, 423–24 (E.D.N.Y.2008) (addressing a procedural situation in a removed case similar to the present matter); *see also McGee v. State Farm Mutual Auto. Ins. Co.,* 684 F.Supp.2d

258, 266–68 (E.D.N.Y.2010); *Bailey v. Bayer Cropscience, L.P.,* 563 F.3d 302, 307–08 (8th Cir.2009) (finding that the district court had jurisdiction to reconsider its earlier decision to grant a plaintiff leave to amend its complaint " '[w]here ... the record indicates that the problem of the addition of the non-diverse defendant was not brought to the attention of the Court or recognized by the parties ...' ").

In the interests of judicial economy, the Court shall deny without prejudice to renew the pending motions to dismiss and direct the parties to address this jurisdictional issue.[2]

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Loomis' and Defendant Bucci's motions to dismiss are **DENIED without prejudice to renew;** and the Court further

**ORDERS** that Defendants shall submit within **TWENTY (20) DAYS** of the date of this Memorandum–Decision and Order supplemental memoranda of law, not to exceed **TWENTY (20) PAGES,** addressing the jurisdictional concerns set forth above; and the Court further

**ORDERS** that Plaintiff shall have **TEN (10) DAYS** to submit a response to Defendants' submissions, which shall not exceed **TWENTY (20) PAGES;** and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum–Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Footnotes

1    The Court notes that Defendant Ronald Mancuso has not yet appeared in this matter.

2    Although the Court granted Plaintiff leave to amend its complaint, it was not contemplated that Plaintiff would amend its complaint to join non-diverse parties. The Court is unclear as to Plaintiff's motive in joining these non-diverse Defendants in this action, especially in light of the fact that they were known to Plaintiff at the time this action was first filed, and mentioned throughout the original complaint. *See, e.g.,* Dkt. No. 1–1 at ¶¶ 15–30, 38, 54, 65–67.

    © 2012 Thomson Reuters. No claim to original U.S. Government Works.

Conway v. Delgado, Not Reported in F.Supp. (1992)

1992 WL 189428
Only the Westlaw citation
is currently available.
United States District
Court, District of Columbia.

Keith Michael CONWAY, Plaintiff,
v.
James DELGADO, et al., Defendants.

Civ. A. No. 92–
0905(JHG).  |  July 21, 1992.

**Opinion**

### ORDER

JOYCE HENSGREEN, District Judge.

*1 Presently pending before the Court are plaintiff Keith Michael Conway's motion to amend his complaint and defendants James Delgado and Edward Delgado's motion to remove the Superior Court of the District of Columbia case of *Conway v. District of Columbia,* C.A. No. 92–5260 and to consolidate that case with this case. For reasons stated below, the plaintiff's motion to amend is granted in part and defendants' motion to remove is denied.

Plaintiff commenced this action against James Delgado and Edward Delgado by filing a complaint on April 14, 1992. The complaint, based on 42 U.S.C. § 1983, alleges that the defendants, acting under color of state law, subjected plaintiff to unlawful search, beating, assault, battery, and extreme and outrageous conduct, thereby depriving him of rights guaranteed by the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. On or about the same time, plaintiff filed a related case against a single defendant, the District of Columbia, in the Superior Court of the District of Columbia. The complaint filed in Superior Court is based on the same alleged occurrence which forms the basis of the complaint filed in this action, and charges the District of Columbia with battery, false arrest, false imprisonment, and negligent training and supervision by the District of Columbia police department and department of consumer and regulatory affairs.

### Motion to Amend

On May 28, 1992, James Delgado and Edward Delgado moved in this case to dismiss the claims contained in plaintiff's complaint which allege violations of Eighth, Ninth, and Fourteenth Amendment rights. In response to arguments made by defendants that the Eight and Ninth amendments are inapplicable to this case, plaintiff filed on June 29, 1992 his motion to amend his complaint to remove the claims alleging deprivation of Eight and Ninth Amendment rights. Plaintiff's proposed amended complaint, however, retained allegations based on the Fourteenth Amendment. Defendants filed on July 6, 1992 a response to the motion to amend. That response indicated that while defendants did not oppose plaintiff's motion to amend his complaint to the extent that plaintiff seeks merely to withdraw his claims under the Eighth and Ninth Amendments, they did oppose plaintiff's motion to maintain an action under the Fourteenth Amendment.

Defendants correctly assert that the Fourteenth Amendment does not apply to the District of Columbia or its agents. *See Bolling v. Sharpe,* 347 U.S. 947 (1954); *Propert v. District of Columbia,* 948 F.2d 1327, 1330 n. 5 (D.C.Cir.1991) ("Because D.C. is a political entity created by the federal government, it is subject to the restrictions of the Fifth Amendment, not the Fourteenth."). Consequently, it would be futile to allow plaintiff to file an amended complaint containing allegations against District of Columbia agents based on the Fourteenth Amendment. Pursuant to Fed.R.Civ.P. 15(a) and *Foman V. Davis,* 371 U.S. 178 (1962), however, the Court will allow the plaintiff to file an amended complaint which does not assert rights under the Eighth, Ninth, and Fourteenth Amendments.

**Motion to Remove**

**\*2** On May 28, 1992, defendants James Delgado and Edward Delgado moved pursuant to 28 U.S.C. § 1441 *et seq.* for removal of the Superior Court action against the District of Columbia. Plaintiff filed an opposition and an amended opposition to the motion, asserting, *inter alia,* that only the District of Columbia and not the Delgados would have authority to seek removal of the Superior Court case to this Court. Because the Delgados have no standing to remove from Superior Court a case in which they are not defendants, *see* 28 U.S.C. § 1446; Wright, Miller, and Cooper, 14A *Federal Practice and Procedure* § 3731 (1985), their motion for removal will be denied.

Accordingly, for the reasons stated above, it is hereby

ORDERED that plaintiff's motion for leave to file an amended complaint is granted in part. Although the proposed amended complaint submitted with the motion for leave on June 29, 1992 will not be accepted for filing, plaintiff may file on or before July 30, 1992 a modified version of the amended complaint which does not allege violations of the Eight, Ninth, and Fourteenth Amendments. Plaintiff shall promptly serve the defendants with the amended complaint. It is

FURTHER ORDERED that defendants' motion to remove the related Superior Court case is denied.

It is so ordered.

**End of Document**                    © 2012 Thomson Reuters. No claim to original U.S. Government Works.