UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TNHYIF, INC.,

                              Plaintiff,

   -against-                                            1:12-CV-01692 (LEK/CFH)

VINEYARD COMMONS HOLDINGS,
LLC; WORKERS COMPENSATION
BOARD OF THE STATE OF NEW
YORK; NEW YORK STATE
DEPARTMENT OF LABOR;
VINEYARD COMMONS CLUBHOUSE
INC.; and "JOHN DOE NO. 1" through
"JANE DOE NO. 12," the last twelve
names being fictitious and unknown to
Plaintiff, the persons or parties intended
being tenants, occupants, persons or
corporations, if any, having or claiming an
interest in or lien upon the Premises,
described in the Complaint

                              Defendants.
_____

**DECISION and ORDER**

**I.    INTRODUCTION**

On September 12, 2012, Plaintiff TNHYIF, Inc. filed a verified Complaint in the Supreme Court of the State of New York, Ulster County, against various named and unnamed Defendants. On November 16, 2012, John O'Donnell, Maria Freitas, and Spyros Panos (collectively, "the Partners") filed a Notice of removal, seeking to remove the state court action to the United States District Court for the Northern District of New York.[1]  Dkt. No. 1 ("Notice").

---

[1] In their Notice, the Partners purport to be parties in this matter. Id. at 1. Specifically, they attest that they are partners at Defendant Vineyard Holdings, LLC and that they are actually also unnamed Defendants John Does 1, 2, and 3. Id. Plaintiff, however, argues that the Partners are not John Doe Defendants and are in fact not parties to the state action. Dkt. No. 3 ("Motion"). Because

On November 29, 2012, Plaintiff filed a Motion to remand the matter to state court. Dkt. No. 3 ("Motion"). Plaintiff requests that the Court enter an order requiring the Partners to show cause as to why this case should not be remanded. See generally id. Further, Plaintiff requests as "interim relief" that the Court "allow the State Court foreclosure proceeding to continue while Plaintiff's Motion to Remand is being decided." Id. at 2. Finally, Plaintiff also requests that the Court impose sanctions against the Partners and their counsel. Id. at 11-12.

For the following reasons, this action is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction.[2]

### III.   DISCUSSION

Under 28 U.S.C. § 1441(a), a civil action filed in state court may only be removed by the defendant to federal court if the district court has original subject-matter jurisdiction over the plaintiff's claim. See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Federal district courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005), only having original subject-matter jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, or in which there is complete diversity of citizenship between the parties, see 28 U.S.C. § 1332. Removal jurisdiction must be "strictly construed," Syngenta Crop

---

the Court finds subject-matter jurisdiction to be lacking in this case, it need not consider the issue of the Partners' standing or party/nonparty status.

  [2] Because it is clear that the Court lacks subject-matter jurisdiction over this matter, the Court declines to sign Plaintiff's Order to show cause or consider the arguments raised in the accompanying Motion. Such consideration would serve no purpose other than to delay the requisite remand of this matter to the state court.

Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).

The burden of proving a court's removal jurisdiction rests upon the party asserting jurisdiction. See Montefiore Med. Ctr., 642 F.3d at 326 (citing Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004). "In determining whether jurisdiction is proper, [courts] look only to the jurisdictional facts alleged in the Notice[] of Removal." In re MTBE Prods. Liab. Litig., 488 F.3d at 124. "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)); see also D.B. Zwirn Special Opportunities Fund. L.P. v. Tama Broad., Inc., 550 F. Supp.2d 481, 486 (S.D.N.Y.2008) ("[A] federal court has an independent duty to determine that it has subject matter jurisdiction and may raise the issue *sua sponte*."); Citibank. N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 10 (E.D.N.Y.2005) (holding that the court has authority to remand an action *sua sponte* where it is "unmistakably clear" that it lacks subject-matter jurisdiction).

Defendants base removal of this action on the Court's federal-question jurisdiction as well as its diversity jurisdiction.

**A. Federal-Question Jurisdiction**

The "well-pleaded complaint" rule determines whether an action arises under the Constitution, laws, or treaties of the United States. See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983). Under the "well-pleaded complaint" rule,

3

> [w]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose."

Id. at 10 (citing Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)); see also S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010) ("For the purpose of determining whether a district court has federal question jurisdiction . . ., the jurisdictional inquiry depends entirely upon the allegations in the complaint and asks whether the claim as stated in the complaint arises under the Constitution or laws of the United States." (internal quotations and citation omitted)).  "After examining only those allegations which are properly raised in a well-pleaded complaint, the court must then determine whether the substance of those allegations raises a federal question." D'Alessio v. N.Y. Stock Exchange, Inc., 258 F.3d 93, 100 (2d Cir.2001) (emphasis in original) (internal quotations, alterations, and citations omitted).  In the removal context, the relevant complaint is the one existing at the time of removal.  See, e.g., Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 399 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) ("A court must thus consider the complaint at the time of removal to determine if removal was appropriate in the first place.").

Here, the Partners allege that the Court has federal-question jurisdiction over this action because the United States may, at some point, be a party to this action.  Notice ¶ 4.  Regardless of the truth of this assertion, the United States is not *now* a named party to Plaintiff's verified Complaint filed with the state court.  See generally Dkt. No. 1-1, Verified Complaint.  Speculation that the United States may be brought into this action in the future, whether as a third-party defendant or otherwise, does not establish a basis for the Court's exercise of federal-question

4

jurisdiction over this action.  Cf. In re MTBE Prods. Liab. Litig., 399 F. Supp. 2d at 362 ("The presence of a federal defense does not raise a federal question, even if the defense is anticipated in the plaintiff's complaint, and even if . . . the federal defense is the only question truly at issue." (internal quotation marks and citation omitted)).

Furthermore, in its verified Complaint, Plaintiff pleads claims for foreclosure on a mortgage note.  See generally Dkt. No. 1-1, Verified Complaint.  Resolution of these claims depends entirely on the application of state law; they "are not created by federal law, do not require the construction of any federal law, and do not present any substantial federal question.  Accordingly, [Plaintiff's] claims do not arise under federal law for purposes of federal question jurisdiction under 28 U.S.C. § 1331."  Yatauro v. Mangano, No. 11-CV-3079, 2011 WL 2610562, at *4 (E.D.N.Y. July 1, 2011).

**B. Diversity Jurisdiction**

"[T]he basic principles of diversity of citizenship jurisdiction . . . fully apply to cases removed under Section 1441(a) and (b)."  14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3723 (4th ed. 2011).  Removal on the basis of diversity of citizenship is therefore proper only if "there is complete diversity between all named plaintiffs and all named defendants."  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005).[3]  For purposes of diversity of citizenship, a corporation is a citizen of any state by which it is incorporated as well as the state where it has its

---

[3] That named Defendants are New York citizens also precludes the Partners from removing this action under 28 U.S.C. § 1441(b)(2), which provides that no action may be "removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  See also Lincoln Prop. Co., 546 U.S. at 84 ("Defendants may remove an action on the basis of diversity of citizenship if . . . *no defendant is a citizen of the forum State*." (emphasis added)).  This defect, however, is one of procedure rather than jurisdiction.  Shapiro v. Logistec USA, Inc., 412 F.3d 307, 313 (2d Cir. 2005) (citing Woodward v. D.H. Overmyer Co., 428 F.3d 880 (2d Cir. 1970)).

5

principal place of business.  Id. at 94; 28 U.S.C. § 1332(c)(1).

The Partners allege in their Notice of removal that the Court has diversity jurisdiction over this action because Plaintiff is incorporated in the State of Maryland.  Notice ¶¶ 3-4.  The Partners fail to allege, however, that Plaintiff's principal place of business is also in a state other than New York.  This failure alone is enough to destroy complete diversity of citizenship.[4]  Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991) (citing John Birch Soc'y v. Nat'l Broad. Co., 377 F.2d 194, 198 (2d Cir. 1967)) ("If a complaint fails to allege a corporation's principal place of business, and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient to establish diversity jurisdiction.").  Absent a cognizable federal question, *supra*, the lack of complete diversity deprives the Court of original subject-matter jurisdiction over this action and, under § 1441(a), precludes the Partners' attempt to remove it.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that this matter is **REMANDED** to the New York State Supreme Court, Ulster County; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 3) for remand by order to show cause is **DENIED** as moot; and it is further

---

[4] Looking beyond the face of the Notice of removal, to its Exhibits as well as Plaintiff's Motion to remand, the Court can conclude that the parties are indeed not diverse.  In its Verified complaint, Plaintiff alleges that it maintains a place of business in White Plains, New York.  Dkt. No. 1-1, Verified Complaint ¶ 1.  Plaintiff renews this allegation in its Affidavit in support of its Motion to remand.  Dkt. No. 3-1 ¶¶ 2, 27-29.  Because Plaintiff is therefore a New York citizen for the purposes of § 1332(c)(1), and named Defendants are also New York citizens, there is no complete diversity of citizenship between the parties to this action.

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:    December 04, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge